UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
File No.:

## CIVIL ACTION COMPLAINT

|  |  |  |
|---|---|---|
| JOHN SAM RICKS, JR. and BRENDA RICKS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| ARMSTRONG INTERNATIONAL, INC.; | : | |
| AURORA PUMP COMPANY; | : | |
| CBS CORPORATION (a Delaware Corporation) f/k/a | : | |
| VIACOM, INC. (sued as successor-by-merger to CBS | : | |
| CORPORATION (a Pennsylvania Corporation) f/k/a | : | **JURY TRIAL DEMANDED** |
| WESTINGHOUSE ELECTRIC CORPORATION); | : | |
| COEN COMPANY, INC. f/k/a COEN | : | |
| MANUFACTURING CORP.; | : | |
| CROWN CORK & SEAL COMPANY, INC. (sued | : | |
| individually and as successor-in-interest to MUNDET | : | |
| CORK COMPANY); | : | |
| DANA COMPANIES LLC (sued individually and as | : | |
| successor-in-interest to VICTOR GASKET | : | |
| MANUFACTURING COMPANY); | : | |
| FEDERAL-MOGUL ASBESTOS PERSONAL INJURY | : | |
| TRUST (sued as successor to FELT-PRODUCTS | : | |
| MANUFACTURING CO.); | : | |
| FLOWSERVE US, INC. (sued as successor to EDWARD | : | |
| VALVE, INC.); | : | |
| FMC CORPORATION (sued individually and as | : | |
| successor-in-interest to PEERLESS PUMP COMPANY); | : | |
| FORD MOTOR COMPANY; | : | |
| FOSTER WHEELER ENERGY CORPORATION; | : | |
| GENERAL ELECTRIC COMPANY; | : | |
| GOULDS PUMPS, INCORPORATED; | : | |
| HOBART BROTHERS COMPANY; | : | |
| HOLLINGSWORTH & VOSE COMPANY; | : | |
| HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED- | : | |
| SIGNAL, INC. (sued as successor-in-interest to BENDIX | : | |
| CORPORATION); | : | |
| HOPEMAN BROTHERS INC.; | : | |
| | : | |

1

IMO INDUSTRIES, INC. (sued individually and as
   successor-in-interest to DELAVAL TURBINE, INC.); : 
                                                     :
INGERSOLL RAND COMPANY;                      :
JOHN CRANE, INC.;                                :
THE LINCOLN ELECTRIC COMPANY ;         :
METROPOLITAN LIFE INSURANCE COMPANY;  :
PFIZER INC.;                                    :
PNEUMO ABEX LLC (sued as successor-in-interest to : 
   ABEX CORPORATION);                    :
RAILROAD FRICTION PRODUCTS CORPORATION; :
SPX CORPORATION (sued individually and as successor- :
   in-interest to BEAR AUTOMOTIVE SERVICE    :
   EQUIPMENT COMPANY);               :
STERLING FLUID SYSTEMS (USA), LLC f/k/a    :
   PEERLESS PUMP CO.;                 :
TEREX CORPORATION formerly d/b/a CLARK   :
   MATERIALS HANDLING COMPANY;       :
TRANE US, INC. f/k/a AMERICAN STANDARD   :
   COMPANIES;                         :
UNION CARBIDE CORPORATION;         :
VELAN VALVE CORPORATION;          :
WABCO HOLDINGS INC. (sued individually and as :
   successor-in-interest to WESTINGHOUSE AIR BRAKE :
   COMPANY);                         :
WEIR VALVES & CONTROLS USA, INC. f/k/a   :
   ATWOOD & MORRILL;               :
THE WILLIAM POWELL COMPANY;       :
                                        :
                                        :

Defendants.

## CIVIL ACTION COMPLAINT

Plaintiff JOHN SAM RICKS, JR. and BRENDA RICKS sue the above-named Defendants

for compensatory and punitive damages and allege as follows:

## PARTIES

1.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS are citizens and residents

of the County of Craven, State of North Carolina.

2

2.     Defendant, ARMSTRONG INTERNATIONAL, INC. was and is a company incorporated under the laws of the State of Michigan with its principal place of business in Michigan. At all times material hereto, ARMSTRONG INTERNATIONAL INC. was a manufacturer of Armstrong steam traps.   ARMSTRONG INTERNATIONAL, INC. has and does business in the State of North Carolina.

3.     Defendant, AURORA PUMP COMPANY, was and is a company incorporated under the laws of the State of Minnesota with its principal place of business in Illinois. At all times material hereto, AURORA PUMP COMPANY was a manufacturer of Aurora pumps. AURORA PUMP COMPANY has and does business in the State of North Carolina.

4.     Defendant, CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) was a manufacturer of Westinghouse blowers, railcar brakes, air ejectors, condensers, and compressors, and Wabco railcar brakes. CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) has and does business in the State of North Carolina.

5.     Defendant, COEN COMPANY, INC. f/k/a COEN MANUFACTURING CORP. was and is a company incorporated under the laws of the State of California with its principal place of business in Kansas. At all times material hereto, COEN COMPANY, INC. f/k/a COEN

3

MANUFACTURING CORP. was a manufacturer of Coen heaters. COEN COMPANY, INC. f/k/a COEN MANUFACTURING CORP. has and does business in the State of North Carolina.

6.      Defendant, CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY), was and is a company incorporated under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. At all times material hereto, CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY) was a manufacturer of Mundet block insulation, cement, and pipe covering. CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY) has and does business in the State of North Carolina.

7.      Defendant, DANA COMPANIES LLC (sued individually and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY), was and is a company incorporated under the laws of the State of Virginia with its principal place of business in Ohio. The members of the "LLC" who comprise DANA COMPANIES LLC (sued individually and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY) are: Michael J. Debacker who resides in Maumee, Ohio, and Bricy Stringham who resides in Perrysburg, Ohio. At all times material hereto, DANA COMPANIES LLC (sued individually and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY) developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment, including asbestos-containing Victor Gaskets. DANA COMPANIES LLC (sued individually and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY) has and does business in the State of North Carolina.

4

8. Defendant, FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST (sued as successor to FELT-PRODUCTS MANUFACTURING CO.), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Delaware. At all times material hereto, FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST (sued as successor to FELT-PRODUCTS MANUFACTURING CO.) was a manufacturer of Fel-Pro gaskets. FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST (sued as successor to FELT-PRODUCTS MANUFACTURING CO.) has and does business in the State of North Carolina.

9. Defendant, FLOWSERVE US, INC. (sued as successor to EDWARD VALVE, INC.), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Texas. At all times material hereto FLOWSERVE US, INC. (sued as successor to EDWARD VALVE, INC.) was a manufacturer of Edward valves. FLOWSERVE US, INC. (sued as successor to EDWARD VALVE, INC.) has and does business in the State of North Carolina.

10. Defendant, FMC CORPORATION (sued individually and as successor-in-interest to PEERLESS PUMP COMPANY), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania. At all times material hereto, FMC CORPORATION (sued individually and as successor-in-interest to PEERLESS PUMP COMPANY) was a manufacturer of Peerless pumps. FMC CORPORATION (sued individually and as successor-in-interest to PEERLESS PUMP COMPANY) has and does business in the State of North Carolina.

11. Defendant, FORD MOTOR COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, FORD MOTOR COMPANY was a manufacturer of asbestos containing friction products.

5

FORD MOTOR COMPANY specifically designed its braking systems for asbestos-containing brake linings such that no other material could be utilized as brake linings in those systems. FORD MOTOR COMPANY has and does business in the State of North Carolina.

12. Defendant, FOSTER WHEELER ENERGY CORPORATION, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, FOSTER WHEELER ENERGY CORPORATION was a manufacturer of Foster Wheeler boilers and distilling plants. FOSTER WHEELER ENERGY CORPORATION has and does business in the State of North Carolina.

13. Defendant, GENERAL ELECTRIC COMPANY, was and is a company incorporated under the laws of the State of New York with its principal place of business in Connecticut. At all times material hereto, GENERAL ELECTRIC COMPANY was a manufacturer of General Electric turbines and ships' service generators. GENERAL ELECTRIC COMPANY has and does business in the State of North Carolina.

14. Defendant, GOULDS PUMPS, INCORPORATED, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto GOULDS PUMPS, INCORPORATED was a manufacturer of Goulds pumps. GOULDS PUMPS, INCORPORATED has and does business in the State of North Carolina.

15. Defendant, HOBART BROTHERS COMPANY, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio. At all times material hereto, HOBART BROTHERS COMPANY was a manufacturer of welding rods and welding equipment. HOBART BROTHERS COMPANY has and does business in the State of North Carolina.

16. Defendant, HOLLINGSWORTH & VOSE COMPANY, was and is a company incorporated under the laws of the State Massachusetts with its principal place of business in

6

Massachusetts. At all times material hereto, HOLLINGSWORTH & VOSE COMPANY was a supplier of asbestos paper. HOLLINGSWORTH & VOSE COMPANY has and does business in the State of North Carolina.

17.     Defendant, HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC. (sued individually and as successor-in-interest to BENDIX CORPORATION), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.     At all times material hereto, HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC. (sued individually and as successor-in-interest to BENDIX CORPORATION) was a manufacturer and supplier of Bendix brakes. HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC. (sued individually and as successor-in-interest to BENDIX CORPORATION) has and does business in the State of North Carolina.

18.     Defendant, HOPEMAN BROTHERS INC., was and is a company incorporated under the laws of the State of Virginia with its principal place of business in Virginia. At all times material hereto, HOPEMAN BROTHERS INC. was a manufacturer and supplier of asbestos-containing marinite and micarta board. HOPEMAN BROTHERS INC. has and does business in the State of North Carolina.

19.     Defendant, IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.) was a manufacturer of DeLaval pumps and generators. IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.) has and does business in the State of North Carolina.

20.     Defendant, INGERSOLL RAND COMPANY, was and is a company incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. At all times material hereto, INGERSOLL RAND COMPANY was a manufacturer of Ingersoll Rand compressors. INGERSOLL RAND COMPANY has and does business in the State of North Carolina.

21.     Defendant, JOHN CRANE, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Illinois. At all times material hereto, JOHN CRANE, INC. was a manufacturer of gaskets and packing. JOHN CRANE, INC. has and does business in the State of North Carolina.

22.     Defendant, THE LINCOLN ELECTRIC COMPANY, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio. At all times material hereto, THE LINCOLN ELECTRIC COMPANY was a manufacturer of welding rods and welding equipment. THE LINCOLN ELECTRIC COMPANY has and does business in the State of North Carolina.

23.     Defendant, METROPOLITAN LIFE INSURANCE COMPANY, was and is a company incorporated under the laws of the State of New York with its principal place of business in New York. At all times material hereto, METROPOLITAN LIFE INSURANCE COMPANY was a conspiracy defendant. METROPOLITAN LIFE INSURANCE COMPANY has and does business in the State of North Carolina.

24.     Defendant, PFIZER INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, PFIZER INC. was a supplier of asbestos-containing talc. PFIZER INC. has and does business in the State of North Carolina.

8

25.     Defendant PNEUMO ABEX LLC (sued individually and as successor-in-interest to ABEX CORPORATION) was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. Pneumo Abex Asbestos Claims Settlement Trust, a resident of Delaware, is the sole member of PNEUMO ABEX LLC (sued individually and as successor-in-interest to ABEX CORPORATION). At all times material hereto, PNEUMO ABEX LLC (sued individually and as successor-in-interest to ABEX CORPORATION) was a supplier of asbestos-containing railcar brakes. PNEUMO ABEX LLC (sued individually and as successor-in-interest to ABEX CORPORATION) has and does business in the State of North Carolina.

26.     Defendant, RAILROAD FRICTION PRODUCTS CORPORATION, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania.     At all times material hereto, RAILROAD FRICTION PRODUCTS CORPORATION was a manufacturer of Cobra railcar brakes. RAILROAD FRICTION PRODUCTS CORPORATION has and does business in the State of North Carolina.

27.     Defendant, SPX CORPORATION (sued individually and as successor-in-interest to BEAR AUTOMOTIVE SERVICE EQUIPMENT COMPANY), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, SPX CORPORATION (sued individually and as successor-in-interest to BEAR AUTOMOTIVE SERVICE EQUIPMENT COMPANY) was a manufacturer of Bear brakes. SPX CORPORATION (sued individually and as successor-in-interest to BEAR AUTOMOTIVE SERVICE EQUIPMENT COMPANY) has and does business in the State of North Carolina.

9

28.     Defendant, STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP CO., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Indiana. Grundfos Holding A/S, a resident of Bjerringbro, Denmark, is the parent company and owner of all stock of STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP CO. At all times material hereto, STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP CO. developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including asbestos-containing Peerless Pumps. STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP CO. has and does business in the State of North Carolina.

29.     Defendant, TEREX CORPORATION formerly d/b/a CLARK MATERIALS HANDLING COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. At all times material hereto, TEREX CORPORATION formerly d/b/a CLARK MATERIALS HANDLING COMPANY was a manufacturer of Clark tow motors and back hoes. TEREX CORPORATION formerly d/b/a CLARK MATERIALS HANDLING COMPANY has and does business in the State of North Carolina.

30.     Defendant, TRANE US, INC. f/k/a AMERICAN STANDARD COMPANIES was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, TRANE US, INC. f/k/a AMERICAN STANDARD COMPANIES was a manufacturer of American Standard railcar brakes. TRANE US, INC. f/k/a AMERICAN STANDARD COMPANIES has and does business in the State of North Carolina.

31.     Defendant, UNION CARBIDE CORPORATION, was and is a company incorporated under the laws of the State of New York with its principal place of business in Texas.

At all times material hereto, UNION CARBIDE CORPORATION was a supplier of asbestos fibers. UNION CARBIDE CORPORATION has and does business in the State of North Carolina.

32. Defendant, VELAN VALVE CORPORATION was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Vermont. At all times material hereto, VELAN VALVE CORPORATION was a manufacturer of Velan valves. VELAN VALVE CORPORATION has and does business in the State of North Carolina.

33. Defendant, WABCO HOLDINGS INC. (sued individually and as successor-in-interest to Westinghouse Air Brake Company) was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, WABCO HOLDINGS INC. (sued individually and as successor-in-interest to Westinghouse Air Brake Company) was a manufacturer of Wabco railcar brakes. WABCO HOLDINGS INC. (sued individually and as successor-in-interest to Westinghouse Air Brake Company) has and does business in the State of North Carolina.

34. Defendant, WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL was and is a company incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts. At all times material hereto, WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL was a manufacturer of Atwood & Morrill valves. WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL has and does business in the State of North Carolina.

35. Defendant, THE WILLIAM POWELL COMPANY was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio. At all times material hereto, THE WILLIAM POWELL COMPANY was a manufacturer of Powell valves. THE WILLIAM POWELL COMPANY has and does business in the State of North Carolina.

11

36.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS bring this action for monetary damages as a result of Plaintiff JOHN SAM RICKS, JR.'s contraction of an asbestos-related disease. Plaintiff JOHN SAM RICKS, JR. was diagnosed with mesothelioma on or about January 23, 2014.

37.     Plaintiff JOHN SAM RICKS, JR. was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

(a)     Plaintiff JOHN SAM RICKS, JR. served onboard the USS Thetis Bay (CVE-90/CVHA-1) in the United States Navy from approximately 1961 to 1966 as a Fireman's Helper. His duties included working below deck in the fire rooms. In the performance of his duties, Plaintiff JOHN SAM RICKS, JR. was exposed to asbestos-containing Armstrong steam traps, Aurora Pumps, Westinghouse blowers, air ejectors, condensers, and compressors, Coen heaters, Mundet block insulation, cement, and pipe covering, Edward Valves, Peerless pumps, Foster Wheeler boilers and distilling plants, General Electric turbines and ship's service generators, Goulds pumps, Marinite and Micarta board, DeLaval pumps and generators, Ingersoll-Rand compressors, John Crane gaskets and packing, Velan valves, Atwood & Morrill valves, Powell valves, and asbestos-containing talc supplied by Pfizer.

(b)     Plaintiff JOHN SAM RICKS, JR. was employed as welder at Riverside Iron Works in New Bern, North Carolina, from 1965 to 1966. His job duties included welding steel for building construction, tanks, pressure vessels, and other items. In the performance of his job duties, Plaintiff JOHN SAM RICKS, JR. was exposed to asbestos-containing welding rods including, but not limited to, Lincoln welding rods and welding equipment, and Hobart welding rods and welding equipment.

12

(c)    Plaintiff JOHN SAM RICKS, JR. was employed as a road serviceman for Frit Car, Inc. in Bridgeton, North Carolina from approximately 1983 to 2007. His job duties included repair of Clark tow motors, Clark backhoes, and a Ford truck on the Frit Car premises. He also made mobile repairs and repairs on the Frit Car premises to railcars, tank cars, gondolas, flat cars, and box cars. Many of the repairs included couplings, valves, changing brakes, and relining railroad brake shoes. In the performance of his job duties, Plaintiff JOHN SAM RICKS, JR. was exposed to asbestos-containing American Standard, Wabco, Westinghouse, Cobra, and Abex railcar brakes.

(d)    Plaintiff JOHN SAM RICKS, JR. also experienced exposure to asbestos from approximately the early 1960's through the mid 1980's while performing automotive maintenance work on his personal vehicles. Plaintiff JOHN SAM RICKS, JR. removed and replaced asbestos-containing friction products including Bendix brakes, Fel-pro brakes, Bear brakes, Victor gaskets, Ford friction products, and asbestos-containing paper supplied by Hollingsworth and Vose.

38.    At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

39.    At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Plaintiff JOHN SAM RICKS, JR. or to such other entities so that these materials were caused to be used by or in close proximity to Plaintiff JOHN SAM RICKS, JR.

13

40.     At all material times, Defendant Metropolitan Life Insurance Company conspired with other Defendants to disseminate false and misleading medical and/or scientific information regarding the safety of asbestos and demonstrated a clear disregard for the health, safety and welfare of individuals such as Plaintiff JOHN SAM RICKS, JR.

## JURISDICTION AND VENUE

41.     This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

42.     Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS reside in Vanceboro, North Carolina and/or a substantial part of the events or omissions occurred in North Carolina.

43.     Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS are citizens of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

44.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS have satisfied all conditions precedent to the filing of this action.

45.     All of the named Defendants listed on the caption are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of

asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Against all named Defendants except Metropolitan Life Insurance Company)**

46.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS incorporate by reference the preceding paragraphs as if fully set forth herein.

47.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

48.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff JOHN SAM RICKS, JR.

49.     Throughout the course of his daily life, Plaintiff JOHN SAM RICKS, JR. used and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

50.     During the course of his daily life, Plaintiff JOHN SAM RICKS, JR. was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

51.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design,

15

manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff JOHN SAM RICKS, JR. and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

52.     Plaintiff JOHN SAM RICKS, JR. sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff JOHN SAM RICKS, JR.'s development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff JOHN SAM RICKS, JR.'s body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff JOHN SAM RICKS, JR. would not know of such danger to his health.

53.     Plaintiff JOHN SAM RICKS, JR.'s illness and/or disabilities are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff JOHN SAM RICKS, JR.'s body, lungs, respiratory system, skin, and health, Defendants breached their duties and were negligent in the following acts and/or omissions:

    (a)    Failed to advise Plaintiff JOHN SAM RICKS, JR. of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b) Failed or omitted to provide Plaintiff JOHN SAM RICKS, JR. with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health from contact with or exposure to said asbestos and asbestos-containing materials, products or equipment;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling said asbestos-containing materials, products or equipment;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff JOHN SAM RICKS, JR. of the dangers to their health from contact with and/or breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f) Failed to develop alternative products;

(g) Continued to use a known cancer-causing product, to-wit: asbestos; and

(h) After discovering that asbestos exposure caused a progressive lung disease, Defendants did not inform Plaintiff JOHN SAM RICKS, JR. of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

54. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

55. Defendants were negligent and breached their duty of due care to Plaintiff JOHN SAM RICKS, JR. by taking or failing to take the actions as previously alleged to avoid harm to Plaintiff JOHN SAM RICKS, JR. and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

17

56. The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff JOHN SAM RICKS, JR. were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

57. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, Plaintiff JOHN SAM RICKS, JR. developed mesothelioma, as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

58. As a result of the above, Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS seek damages as are hereinafter demanded.


## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (Against all named Defendants except Metropolitan Life Insurance Company)

59. Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS incorporate by reference the preceding paragraphs as if fully set forth herein.

60. The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

61. The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein Plaintiff JOHN SAM RICKS, JR. lived while in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

62. As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff JOHN SAM RICKS, JR. developed an illness, to-wit: mesothelioma.

18

63.     As a result of the above, Plaintiff JOHN SAM RICKS, JR. and BRENDA RICKS seek damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### WILLFUL AND WANTON CONDUCT
**(Against all named Defendants except Metropolitan Life Insurance Company)**

64.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS incorporate by reference the preceding paragraphs as if fully set forth herein.

65.     Plaintiff JOHN SAM RICKS, JR. and others in his position worked with and in close proximity to the asbestos and asbestos-related materials used or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff JOHN SAM RICKS, JR.'s presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

66.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of Plaintiff JOHN SAM RICKS, JR. and others in the Plaintiff JOHN SAM RICKS, JR.'s position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, Plaintiff JOHN SAM RICKS, JR. was severely damaged as is set forth below.

67.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff JOHN SAM RICKS, JR. the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, cessation of smoking, and avoidance of further dust exposure. Specifically, Defendants' intentional, willful, wanton and fraudulent conduct included the following acts and omissions:

19

(a)   failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)   failure to issue recall type letters to prior users;

(c)   frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)   rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)   delaying the use of and/or providing intentionally inadequate warnings on asbestos products.

68.   The acts and omissions of each of the Defendants as hereinabove set forth were intentional, willful and wanton, and done with willful disregard of the safety of Plaintiff JOHN SAM RICKS, JR. and others similarly situated at a time when each of the Defendants had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff JOHN SAM RICKS, JR. and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff JOHN SAM RICKS, JR. and others similarly situated, and Plaintiff JOHN SAM RICKS, JR. is thereby entitled to punitive damages.

69.   Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the user or consumer, such as Plaintiff JOHN SAM RICKS, JR., Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS therefore seek exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

## FOURTH CAUSE OF ACTION
## FALSE REPRESENTATION/FRAUD
### (Against all Defendants except Metropolitan Life Insurance Company)

70.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS incorporate by reference the preceding paragraphs as if fully set forth herein.

71.     During, before, and after Plaintiff JOHN SAM RICKS, JR.'s exposure to asbestos products manufactured, installed, supplied or otherwise used by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure, to Plaintiff JOHN SAM RICKS, JR.in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff JOHN SAM RICKS, JR., and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

72.     The foregoing representations were material conditions precedent to Plaintiff JOHN SAM RICKS, JR.'s continued exposure to asbestos-containing products, and Defendants each intended that Plaintiff JOHN SAM RICKS, JR. act upon the representations by continuing his exposure to the asbestos products. Plaintiff JOHN SAM RICKS, JR. was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

73.     As a direct and proximate result of Plaintiff JOHN SAM RICKS, JR.'s reliance upon Defendants' false representations and fraud, Plaintiff JOHN SAM RICKS, JR. suffered injury and damages hereinafter described and seeks recovery for compensatory and punitive damages against these Defendants.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN
## (Against all named Defendants except Metropolitan Life Insurance Company)

74.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS incorporate by reference the preceding paragraphs as if fully set forth herein.

75.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and of exposures to inhalable asbestos.

76.     Defendants had a duty to warn individuals including, but not limited to, Plaintiff JOHN SAM RICKS, JR., of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

77.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff JOHN SAM RICKS, JR. of the dangers including, but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with their products which should have been designed to provide to Plaintiff JOHN SAM RICKS, JR. knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, posters, and/or other written materials with their products which should have been designed to provide to Plaintiff JOHN SAM RICKS, JR. knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(c)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed persons such as Plaintiff JOHN SAM RICKS, JR.;

(d)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(e)     Otherwise failing to act reasonably under the totality of the circumstances.

22

78.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment and these products were used by Plaintiff JOHN SAM RICKS, JR. Thus, Defendants had a duty to warn individuals including, but not limited to, Plaintiff JOHN SAM RICKS, JR., of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

79.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

80.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as Plaintiff JOHN SAM RICKS, JR. In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to a reasonably foreseeable user, such as Plaintiff JOHN SAM RICKS, JR., and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

81.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff JOHN SAM RICKS, JR. to develop

mesothelioma as a consequence of which he was injured and damaged, and Plaintiff JOHN SAM

RICKS, JR. hereby makes a claim for damages from the Defendants jointly and severally.

82.     As a result of the Defendants' failure to warn, Plaintiff JOHN SAM RICKS, JR.

suffered the injuries, illnesses, and/or damages hereinafter alleged.

### SIXTH CAUSE OF ACTION
### CONSPIRACY AND PUNITIVE DAMAGES
#### (Against Metropolitan Life Insurance Company Only)

83.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS incorporate the preceding

paragraphs as if fully set forth herein.

84.     Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter

"Metropolitan Life") rendered substantial aid and assistance to the manufacturers of asbestos-

containing products to which Plaintiff JOHN SAM RICKS, JR. was exposed, and such assistance

by METROPOLITAN LIFE aided and abetted the negligence and the marketing of unreasonably

dangerous asbestos-containing products by such manufacturers which proximately caused Plaintiff

JOHN SAM RICKS, JR.'s illness, injuries, and/or disabilities.

85.     In both conducting tests and in publishing their alleged results, METROPOLITAN

LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests

of the health effects of asbestos.  METROPOLITAN LIFE also caused to be published intentionally

false, misleading, inaccurate and deceptive information about the health effects of asbestos

exposure.

86.     Plaintiff JOHN SAM RICKS, JR. unwittingly but justifiably relied upon the

thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of

which METROPOLITAN LIFE published in leading medical journals.

87.     As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff JOHN SAM RICKS, JR. from asbestos exposure was increased, and (ii) Plaintiff suffered the injuries previously described.

88.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff JOHN SAM RICKS, JR.. Plaintiff JOHN SAM RICKS, JR. seeks compensatory and punitive damages against METROPOLITAN LIFE as a result.

## SEVENTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

89.     Plaintiff BRENDA RICKS incorporates by reference the preceding paragraphs as if fully set forth herein.

90.     Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS were married from 1961 to 1968, and November 6, 1993 to the present, and at all times relevant to this action were, and are now, husband and wife.

91.     Prior to Plaintiff JOHN SAM RICKS, JR.'s injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff JOHN SAM RICKS, JR. has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.

92.	As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff JOHN SAM RICKS, JR. and as a direct and proximate result of the acts and omissions of the defendants, Plaintiff-Spouse BRENDA RICKS has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore Plaintiff-Spouse BRENDA RICKS is entitled to damages for her loss of consortium, both past and future.

### DAMAGES
### COMPENSATORY AND PUNITIVE DAMAGES

93.	Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS incorporate by reference the preceding paragraphs as if fully set forth herein.

94.	As a result of the above-alleged conduct of the Defendants, Plaintiff JOHN SAM RICKS, JR. developed mesothelioma, as a consequence of which, he has been damaged as follows:

(a)	hospital and medical expenses incidental to Plaintiff JOHN SAM RICKS, JR.'s illness;

(b)	loss of earnings and future earning power of Plaintiff JOHN SAM RICKS, JR.;

(c)	loss of Plaintiff JOHN SAM RICKS, JR.'s general health, strength, and vitality;

(d)	loss of pecuniary contributions to Plaintiff BRENDA RICKS;

(e)	loss of consortium, society, aid, companionship and services to the heirs of Plaintiff JOHN SAM RICKS, JR.;

(f)	future loss of consortium, society, aid, companionship and services to Plaintiff BRENDA RICKS;

(g)	pain and suffering of Plaintiff JOHN SAM RICKS, JR.;

(h)	all other damages recoverable under said Act.

26

WHEREFORE, Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn, conspiracy and other breaches of duty and willful, wanton, fraudulent and malicious conduct as alleged herein proximately caused by the fault of the Defendants. Plaintiffs JOHN SAM RICKS, JR. and BRENDA RICKS pray for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000, plus interest as provided by law and the costs of this action.

### PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

This 10th day of March, 2014.

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiffs
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com