IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-37-BO

| | | |
|---|---|---|
| JOHN SAM RICKS, JR. and BRENDA RICKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ARMSTRONG INTERNATIONAL, INC.; | ) | |
| AURORA PUMP COMPANY; et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on eight separate defendants' motions to dismiss. The motions are ripe for adjudication. For the reasons stated herein, defendants' motions are GRANTED. Further this Court *sua sponte* DISMISSES plaintiffs' fourth claim for relief as to all defendants.

## BACKGROUND

This action arises out of plaintiff John Sam Ricks, Jr.'s exposure to asbestos-containing products alleged to be manufactured or otherwise attributable to defendants. Plaintiffs allege that Mr. Ricks's exposure to the products caused his mesothelioma and damages. Plaintiffs assert causes of action against these eight defendants and an additional twenty-four non-moving defendants for negligence, breach of implied warranty, willful and wanton conduct, false representation/fraud, failure to warn, and loss of consortium.

Defendants Ford Motor Company ("Ford") [DE 53], Terex Corporation ("Terex") [DE 65], Armstrong International, Inc. ("Armstrong") [DE 68], Ingersoll Rand Company ("Ingersoll") [DE 71], Trane U.S., Inc. ("Trane") [DE 74], Velan Valve Corp. ("Velan") [DE

77], WABCO Holdings Inc. ("WABCO") [DE 80], and SPX Corporation ("SPX") [DE 106] have all moved individually to dismiss the fourth cause of action, false representation/fraud, pursuant to FED. R. CIV. P. 12(b)(6). Plaintiffs have not responded to any of the motions to dismiss. Because they seek the same relief, put forth similar arguments, and are unopposed, the Court will deal with them as one for purposes of this order.

### DISCUSSION

I.  MOTIONS TO DISMISS.

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In order to state a claim for fraud, a plaintiff must allege: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 209 S.E.2d 494, 500 (N.C. 1974). Allegations of fraud must be pled with particularity

2

– including the "time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." *Terry v. Terry*, 273 S.E.2d 674, 678 (N.C. 1981); *see also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008); FED. R. CIV. P. 9(b). "Mere generalities and conclusory allegations of fraud will not suffice." *Sharp v. Teague*, 439 S.E.2d 792, 797 (N.C. App. 1994) (quotation omitted); *see also Strum v. Exxon Co., USA*, 15 F.3d 327, 331 (4th Cir. 1994).

Here, the complaint only contains vague and conclusory allegations of fraud against all defendants collectively. No specific misrepresentations are alleged against any defendant. There are no particular allegations as to the time, place, and speaker of any false representations, the way in which plaintiffs relied on the representations, or what benefit the defendants might have obtained as a result. Therefore the complaint fails to sufficiently allege fraud in that it fails to state a claim for which relief can be granted. Accordingly the defendants' motions are granted and claim four of the complaint is dismissed as to defendants Ford, Terex, Armstrong, Ingersoll, Trane, Velan, WABCO, and SPX.

II.  SUA SPONTE 12(b)(6) DISMISSAL.

The Court is not required to ignore an obvious failure to allege facts setting forth a plausible claim for relief. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). In such a circumstance, the Court is authorized to dismiss a claim *sua sponte* under FED. R. CIV. P. 12(b)(6). *See United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 905–06 (4th Cir. 1995) (affirming the district court's *sua sponte* dismissal of plaintiff's claims); *see also Saifullah v. Johnson*, 1991 U.S. App. LEXIS 27369, *2 (4th Cir. Nov. 20, 1991) (unpublished) ("A court may, on its own initiative, dismiss a civil complaint for failing to state a claim."). However,

notice and an opportunity to be heard are normally required. *Saifullah*, at *2 (holding that the rule regarding *pro se* plaintiffs and Rule 56 established in *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), should apply equally to *pro se* plaintiffs subject to *sua sponte* dismissals).

Here, plaintiffs are represented by counsel. Plaintiffs have been put on notice by the eight motions to dismiss on the grounds that their fourth claim fails to state a claim under Rule 12(b)(6). Plaintiffs have elected not to respond to any of those motions to dismiss. Thus the Court finds that plaintiffs have had adequate notice and opportunity to respond regarding the sufficiency their fourth claim for relief.

Because the false representation/fraud claim is not pled with particularity in respect to any of the defendants, it does not state a claim for which relief can be granted with respect to any of the defendants. Accordingly, the Court *sua sponte* dismisses plaintiffs' fourth claim for relief, the false representation/fraud claim, as to all defendants.

### **CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss are GRANTED. Plaintiff's fourth claim for relief is DISMISSED as to defendants Ford, Terex, Armstrong, Ingersoll, Trane, Velan, WABCO, and SPX. The Court *sua sponte* DISMISSES plaintiffs' fourth claim for relief as to all defendants. The remaining claims may proceed in their entirety.

SO ORDERED.

This the __9__ day of June, 2014.

*[signature: Terrence W. Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4