IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-37-BO

JOHN SAM RICKS, JR. and BRENDA RICKS, )
)
    Plaintiffs, )
)
v. )
) **O R D E R**
ARMSTRONG INTERNATIONAL, INC.; )
AURORA PUMP COMPANY; et al., )
)
    Defendants. )

This matter is before the Court on defendant Hollingsworth & Vose Company's ("H&V") motion to dismiss for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). [DE 124]. The motion is ripe for adjudication. For the reasons stated herein, the motion is GRANTED.

## BACKGROUND

This action arises out of plaintiff John Sam Ricks, Jr.'s exposure to asbestos-containing products alleged to be manufactured or otherwise attributable to over thirty defendants of which H&V is one. Plaintiffs allege that H&V manufactured and sold gasket paper to Victor Gasket Manufacturing Company ("Victor") which used it as a component part of gaskets it manufactured and Mr. Ricks used leading to his exposure to asbestos. Plaintiffs further allege that Mr. Ricks's exposure to the asbestos in this product caused his mesothelioma and damages.

## DISCUSSION

It is well established that this Court's assertion of jurisdiction over a non-resident defendant must be authorized by North Carolina's long-arm statute and must comply with the requirements of the Due Process Clause of the Fourteenth Amendment. *Christian Sci. Bd. of*

*Dirs. of the First Church of Christ, Sci. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's long-arm statute has been construed to extend to the outer limits allowed by the Due Process Clause and therefore "the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.''" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Plaintiffs must demonstrate that this Court can properly assert either general or specific jurisdiction in order for personal jurisdiction to exist. *Yates v. Motivation Indus. Equip. Ltd.*, 38 F. App'x 174, 176 (4th Cir. 2002).

I.   GENERAL JURISDICTION.

To satisfy due process, plaintiffs asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). The paradigm bases for general jurisdiction are the place of incorporation and the principal place of business. *Daimler*, 134 S. Ct. at 760. Only in an "exceptional case" may a corporation be deemed at home and subject to general jurisdiction in any other state. *Id.* at 761 n.19.

Here H&V is incorporated in, and has as its principal place of business, Massachusetts. All of H&V's corporate officers are located in Massachusetts. In support of general jurisdiction, plaintiffs only point to the presence of two, work-from-home, salespeople in North Carolina, H&V's participation and presence at a jobs fair at the University of North Carolina, and 9.86% of H&V's total sales coming from North Carolina. These contacts are nowhere near being "so 'continuous and systematic' as to render [H&V] essentially at home in [North Carolina]." *Id.* at 761. Accordingly, this Court does not have general jurisdiction over H&V.

2

Case 4:14-cv-00037-BO   Document 137   Filed 06/24/14   Page 2 of 4

II.  SPECIFIC JURISDICTION.

The Court applies a three part test when determining whether or not it has specific jurisdiction over a defendant: (1) whether and to what extent the defendant "purposely availed" itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws, (2) whether the plaintiff's claim arises out of those forum-related activities, and (3) whether the exercise of jurisdiction is constitutionally "reasonable." *Nolan*, 259 F.3d at 215–16.

Plaintiffs argue that defendant engaged in the "purposeful availment" of the privileges of conducting activities in North Carolina and the exercise of jurisdiction here is constitutionally reasonable. Plaintiffs' sole basis for this argument is that defendant injected its goods into the stream of commerce and engaged in "additional conduct" by taking an active and persistent role in determining what labels would be placed on products made with its materials containing asbestos. However, this case is analogous to *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994).[1] In *Lesnick*, a Maryland case brought against the same defendant H&V, a man suffered from mesothelioma which was caused by the paper filters in the cigarettes he smoked. H&V manufactured the filters which contained asbestos and designed them with and sold them a cigarette company not located in Maryland. Further, H&V had no presence in Maryland, but knew that the cigarettes containing its filters would be sold there. The Fourth Circuit found that "[t]he touchstone of the minimum contacts analysis remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state." *Lesnick*, 35 F.3d at 945. It further held that delivering products into the stream of commerce with

---

[1] *Lesnick* is the "controlling Fourth Circuit case on the stream of commerce theory. *Sweezy v. Specialized Bicycle Components, Inc.*, 2009 WL 382719 (W.D.N.C. Feb. 12, 2009). Despite plaintiffs' bold assertion that they disagree with the Fourth Circuit's reasoning and conclusion, it is controlling precedent for this Court and plaintiffs have not given the Court any reason to stray from the result *Lesnick* dictates.

3

the knowledge or expectation that they will be purchased in the forum state is insufficient to satisfy the purposeful availment requirement of due process. *Id.* at 945–46. Finally, the Fourth Circuit noted that H&V's interaction with the cigarette manufacturer represented "'additional conduct' beyond the mere sale to Lorillard of filter material, it does not rise to the level of establishing jurisdiction because none of the conduct is in any way directed *toward the state of Maryland.*" *Id.* at 946–47 (emphasis in original).

Here, H&V's manufacture of paper materials in Massachusetts and shipment of those materials to Victor in states other than North Carolina establishes no intentional connection between H&V and North Carolina. That it entered its paper products into the stream of commerce with the knowledge that they would be incorporated into products later sold in North Carolina is not sufficient to establish specific jurisdiction. Finally, the role H&V had in determining what labels should be placed on asbestos containing materials, while "additional conduct," is still not conduct that is in any way directed toward the state of North Carolina. Accordingly *Lesnick* controls the issue here and plaintiffs' complaint against H&V must be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [DE 124] is GRANTED. The court does not have jurisdiction over defendant H&V and all claims against it are hereby DISMISSED. The remaining claims against the remaining defendants may proceed in their entirety.

SO ORDERED.

This the 23 day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE