BRENDA RICKS, Personal Representative )
of the Estate of John Sam Ricks, Jr., )
deceased, )
)
               Plaintiff, )
)     **O R D E R**
v. )
)
ARMSTRONG INTERNATIONAL, INC., )
*et al.*, )
)
               Defendants. )

This cause comes before the Court on a motion to dismiss by defendant Pneumo Abex

LLC. Plaintiff has failed to respond to the instant motion and the time for doing so has expired.

For the reasons discussed below, the motion to dismiss is granted.

## BACKGROUND

Plaintiffs John Ricks and Brenda Ricks filed this action seeking money damages as a

result of John Ricks' contraction of an asbestos-related disease, namely mesothelioma. The

complaint alleges that John Ricks was wrongfully exposed to and inhaled, ingested, or otherwise

absorbed asbestos fibers while serving in the United States Navy, while employed as a welder at

Riverside Iron Works in New Bern, North Carolina, while employed as a road serviceman for

Frit Car, Inc. in Bridgeton, North Carolina, and while performing automotive maintenance work

on his personal vehicles. Plaintiff later filed an amended complaint, wherein plaintiff John Ricks

was named as a decedent, claims related to his death were added, and in response to which

defendant Pneumo Abex has filed an answer as well as this motion to dismiss. Pneumo Abex

seeks to dismiss plaintiff's state law tort claims against it, contending that they are preempted by federal law.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's complaint alleges six causes of action against Pneumo Abex: negligence, breach of implied warranty, willful and wanton conduct, failure to warn, loss of consortium, and wrongful death. Plaintiff's claims against Pneumo Abex arise out of its being a supplier of asbestos-containing railcar brakes. In *Kurns v. Railroad Friction Products Corporation*, 132 S. Ct. 1261 (2012), the Supreme Court held that the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701 *et se.*, occupies the entire field of locomotive equipment and preempts state law claims relating to defective design and failure to warn of dangers associated with locomotive parts. 132 S. Ct. at 165. In *Kurns*, as here, the plaintiff, a former railroad employee, sued a distributor of locomotive brakeshoes and a manufacturer and seller of locomotives and locomotive engine valves which contained asbestos. The plaintiff, prior to his death from malignant mesothelioma and later by his representative, alleged state law claims against the distributor and manufacturer of these parts. The Supreme Court held that all of plaintiff's claims which were "directed at the equipment of locomotive parts," were preempted by the LIA. *Id.* at 1268; *see also Perry v. A.W. Chesterton, Inc.*, 985 F. Supp. 2d 669, 675 (E.D. Pa. 2013).

2

## CONCLUSION

Plaintiff's claims against Pneumo Abex in the instant action are directed at the equipment of locomotive parts, and are thus preempted by the LIA. Thus, and in the absence of opposition from plaintiff, Pneumo Abex's motion to dismiss [DE 199] is GRANTED. All of plaintiff's claims against Pneumo Abex are DISMISSED.

SO ORDERED, this ___ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 4:14-cv-00037-BO   Document 230   Filed 05/04/15   Page 3 of 3